UNITED STATES of America, Plaintiff–Appellee,

v.

William Scott BARRON, Jr., Defendant–Appellant.

No. 96–36058.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 1997.

Decided Oct. 22, 1997.

---

Michael S. Taggart, Assistant Federal Defender, Anchorage, AK, for defendant-appellant.

Mark Rosenbaum, Assistant United States Attorney, Anchorage, AK; and Thomas M. Gannon, United States Department of Justice, Washington, DC, for plaintiff-appellee.

Before: WALLACE, JOHN T. NOONAN Jr. and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

## OVERVIEW

Pursuant to a plea agreement, William Scott Barron, Jr. pleaded guilty to being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)) (Count 1); possessing cocaine with the intent to distribute it (21 U.S.C. § 841(a)(1)) (Count 2); and using a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)) (Count 3). He was sentenced to concurrent terms of 120 months' imprisonment on Counts 1 and 2, and a consecutive term of 60 months' imprisonment on Count 3, to be followed by an eight-year period of supervised release.

After Barron began serving his sentence, the Supreme Court issued its opinion in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Barron then sought post-conviction relief under 28 U.S.C. § 2255 on the ground that his guilty plea to the section 924(c) offense rested on facts which, according to *Bailey*, do not constitute an offense under that section. The district court agreed that, under *Bailey*, the factual basis for Barron's guilty plea was inadequate. It did not, however, simply vacate Barron's section 924(c)(1) conviction. Instead, it entered an order giving Barron the choice to withdraw his section 2255 motion, or let the motion stand. If Barron chose to let his motion stand, the court ruled that it would not only vacate his section 924(c)(1) conviction, it would also rescind his entire plea agreement, including the convictions on the two unchallenged counts, reinstate all three counts in the original indictment, and return the parties to the *status quo ante*—that is, the positions they were in immediately before—they entered their plea agreement. The result would be that all three counts against Barron would be reinstated, there would be no guilty plea in place as to any of them, and the government would be free to pursue any additional charges it wished, including charges based on facts underlying the indictment.

Rather than make this choice, Barron brought this interlocutory appeal arguing that the district court erred in conditioning the grant of his section 2255 motion on the rescission of the entire plea agreement.

We granted permission under 28 U.S.C. § 1292(b) for Barron to pursue this interlocutory appeal. We now hold that the district court properly exercised its discretion under section 2255 to rescind the entire plea agreement.

## FACTS AND PROCEEDINGS

Pursuant to the parties' 1991 plea agreement, the government agreed, in exchange for Barron's guilty pleas to the three counts in the indictment, that it would refrain from bringing any other charges arising from the facts underlying the indictment, refrain from seeking an enhanced penalty under 18 U.S.C. § 924(e), and recommend a two-point reduction in sentencing for acceptance of responsibility. Barron entered the guilty pleas and he was sentenced consistent with the terms of the plea agreement.

While Barron was serving his prison term, the Supreme Court held, in *Bailey v. United States*, that a conviction for "use" of a firearm during or in relation to a drug trafficking offense under 18 U.S.C. § 924(c)(1) requires evidence that the defendant "actively employed" the firearm in relation to the predicate offense. *See Bailey*, —— U.S. ——, ——, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995). In light of *Bailey*, Barron filed a section 2255 petition in the district court seeking to vacate his section 924(c)(1) conviction and his 60–month consecutive sentence

on the ground that the facts upon which his guilty plea rested 'do not constitute an offense under section 924(c)(1).[1] Barron did not challenge his convictions or sentence on the other two counts.

Both the government and the district court agreed with Barron that the facts upon which his plea rested do not constitute an offense under section 924(c). They disagreed with Barron, however, as to how Barron's relief under section 2255 should be shaped.

Barron argued that his section 924(c)(1) conviction and corresponding 60–month consecutive sentence should be vacated, 60 months should be subtracted from his overall 180–month period of confinement, and his remaining two convictions and concurrent sentences should be left intact. He contended the government should be precluded from resentencing him on the two unchallenged counts of conviction, from reprosecuting him on the section 924(c) count, and from charging him with any other crimes for conduct underlying the indictment.

The government, on the other hand, argued that because each of Barron's convictions was entered pursuant to one overall plea agreement, a challenge to one count of conviction was a challenge to the entire agreement. It argued that if the district court vacated Barron's 924(c)(1) conviction and sentence, it should rescind the entire plea agreement, including his convictions on the other two counts, and return the parties to the positions they were in before they entered into the agreement. The original indictment would then come back to life, with all of its original charges and with no limitation on what else the government might charge, and the parties could either renegotiate a new plea agreement or proceed to trial.

The district court agreed with the government, *United States v. Barron,* 940 F.Supp.

1489, 1493–94 (D.Alaska 1996), and this appeal followed.

## DISCUSSION

### I. *Standards of Review*

 We review de novo a district court's grant or denial of a section 2255 motion. *Sanchez v. United States,* 50 F.3d 1448, 1451–52 (9th Cir.1995). We also review de novo a district court's assumption of jurisdiction over an offense, *United States v. Walczak,* 783 F.2d 852, 854 (9th Cir.1986), and whether a defendant's double jeopardy rights have been violated. *United States v. Scarano,* 76 F.3d 1471, 1474 (9th Cir.1996).

### II. *Analysis*

 We have previously held that a section 2255 petitioner is entitled to have his section 924(c)(1) conviction and sentence vacated where the evidence produced at his jury trial failed to establish that he "used" a firearm as we now understand that term in light of *Bailey. See United States v. Garcia,* 77 F.3d 274, 276–77 (9th Cir.1996); *United States v. Hernandez,* 80 F.3d 1253, 1257–58, 1261 (9th Cir.1996).[2] In the present case the government concedes that, under *Bailey,* Barron is entitled to have his conviction by guilty plea set aside.

The more difficult question relates to the remedy. How should relief be shaped when the vacated section 924(c) conviction is one of three convictions obtained by guilty pleas entered pursuant to a plea agreement?

As the district court observed, given the defective section 924(c) conviction, there are three possibilities. (1) The district court could treat the section 924 conviction and sentence in isolation, vacate them, and leave the remainder of the convictions, sentence and plea bargain intact. This is Barron's preference. (2) It could vacate the section

---

1. Barron's plea rested on his admission that he kept a firearm available in a safe in his bedroom along with cocaine and money. After *Bailey,* "mere possession of a firearm" during a drug offense does not constitute "use" under the statute. *Id.* at ———–———, 116 S.Ct. at 506–08.

2. *Bailey* applies retroactively for the purposes of section 2255 petitions because it may establish

that the petitioner's conduct was not a violation of the substantive criminal law, "a fundamental defect which inherently results in a complete miscarriage of justice." *See Davis v. United States,* 417 U.S. 333, 346–47, 94 S.Ct. 2298, 2305–06, 41 L.Ed.2d 109 (1974); *United States v. Sood,* 969 F.2d 774, 775–76 (1992).

924 conviction, leave the other convictions intact, and resentence Barron de novo on all remaining convictions. This has been the most common response in the case law and is perhaps most appropriate where no counts were dismissed or uncharged pursuant to the plea agreement. *See* cases cited *infra.* (3) It could vacate the entire plea agreement, including the guilty pleas on all counts, and restore the parties to the *status quo ante* the agreement. This might be appropriate where charges in the indictment were dismissed pursuant to the plea agreement or where the plea negotiations included potential charges and enhancements not included in the indictment. The district court held it would apply this remedy if Barron pursued his section 2255 petition. *See Barron*, 940 F.Supp. at 1491 n. 3.

### A. The "Unchallenged" Convictions

Barron contends the district court lacks jurisdiction to vacate his two "unchallenged" convictions and corresponding sentence by rescinding his entire plea agreement because he challenged only his section 924(c) conviction and the corresponding 60–month portion of his sentence. He contends 28 U.S.C. § 2255 does not confer authority on district courts to set aside unchallenged counts and unchallenged portions of the sentence.

To determine whether section 2255 confers jurisdiction to vacate unchallenged convictions and sentences, we turn first to the statute itself. Section 2255 provides:

A prisoner in custody under sentence of a court ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

... If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, ... the court shall *vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.*

28 U.S.C. § 2255 (1994) (emphasis added).

Barron contends the language granting district courts the power to "vacate and set

the judgment aside," to "resentence" the prisoner, and to "correct the sentence as may appear appropriate" limits the court's remedial jurisdiction to the challenged count of conviction and that portion of the sentence directly associated with the challenged count. He contends that a prisoner may focus his attack on his sentence any way he likes, and because he seeks relief only from his section 924(c) sentence, the court has no jurisdiction to tamper with any other part of his sentence.

No federal court of appeals has construed section 2255 so narrowly. We and the seven other circuits that have considered the issue have unanimously concluded that section 2255 confers jurisdiction on district courts to resentence a defendant on unchallenged counts of conviction after vacating a challenged 924(c) count, at least where the aggregate sentence can be viewed as a "package."[3] *See United States v. Handa,* 122 F.3d 690 (9th Cir.1997); *United States v. Morris,* 116 F.3d 501 (D.C.Cir.1997); *Gardiner v. United States,* 114 F.3d 734 (8th Cir.1997); *United States v. Rodriguez,* 114 F.3d 46 (5th Cir.1997); *United States v. Harrison,* 113 F.3d 135 (8th Cir.1997); *United States v. Rodriguez,* 112 F.3d 26 (1st Cir. 1997); *United States v. Davis,* 112 F.3d 118 (3rd Cir.1997); *United States v. Hillary,* 106 F.3d 1170 (4th Cir.1997); *United States v. Smith,* 103 F.3d 531 (7th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1861, 137 L.Ed.2d 1061 (1997).

As we explained in *Handa,*

"The plain language of § 2255 does not support [the] argument that in all circumstances, the court is limited in its resentencing options to only the count challenged in the motion. Instead, the plain language does not restrict the word 'sentence' and authorizes the court to act 'as may appear appropriate.' Thus, it confers upon the district court broad and flexible power in its actions following a successful § 2255 motion."

---

3. The resentencing in most of these cases entailed adding the two level enhancement for possession of a firearm under United States Sentencing Guideline section 2D1.1(b)(1).

*Handa,* 122 F.3d at 691 (quoting *Davis,* 112 F.3d at 121). Thus, related consecutive sentences are viewed in the aggregate for purposes of determining "the sentence" to which the district court's flexible remedial power applies. *See Hillary,* 106 F.3d at 1172.

■ Just as section 2255's grant of authority to "resentence" the defendant and "correct the sentence as may appear appropriate" confers remedial jurisdiction over the aggregate sentence, the grant of authority to "vacate and set the judgment aside" and "correct the sentence as may appear appropriate," confers remedial jurisdiction over the aggregate judgment. The district court may therefore abrogate an entire plea agreement under section 2255, even when that entails vacating unchallenged counts of conviction.

The "sentence package" concept we applied in *Handa* applies with equal force here. In *Handa,* we held that when a petitioner attacks one of several interdependent sentences, he in effect challenges the aggregate sentencing scheme. We explained that a district court

> construes the multiple sentences given a defendant convicted of more than one count of a multiple count indictment as 'a package,' reflecting the likelihood that the sentencing judge will have attempted to impose an overall punishment taking into account the nature of the crimes and certain characteristics of the criminal. When part of the sentence is set aside as illegal, the package is 'unbundled.' After the unbundling the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted.

*Handa,* 122 F.3d at 692 (citing *United States v. Binford,* 108 F.3d 723, 728 (7th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2530, 138 L.Ed.2d 1029 (1997)). In *United States v. Davis,* the court explained:

> The sentencing package doctrine suggests that when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the

various counts form part of an overall plan. When a conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture ... if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

*Davis,* 112 F.3d at 122–23.

■ Until now, the sentence package concept has been primarily invoked to explain why courts may *resentence* on remaining counts of conviction after setting aside a section 924(c) conviction. The district court here, however, applied the sentence package concept to a plea agreement and determined that "[b]y attacking a key component in the sentencing plan envisioned by the plea agreement, Barron is, in effect, attacking the plea agreement itself." *Barron,* 940 F.Supp. at 1493.

Given the realities of plea bargaining, it makes good sense to apply the sentence package concept when a petitioner challenges one of multiple convictions obtained under a plea agreement. A set of convictions and sentences entered pursuant to a plea agreement may be viewed as part of a "package" deal, considered and approved by the court. Because the government agreed to refrain from bringing other charges arising out of the same general facts in exchange for Barron's agreement to plead guilty to the charges in the indictment, it is possible, perhaps likely, that Barron would have faced other charges had he not pleaded guilty to the section 924(c) count. Because the district court cannot possibly know what convictions or sentences Barron would have received had he not pleaded guilty to the section 924(c) count or had the district court refused to accept his defective plea, an appropriate remedy is to put Barron in the position he was in before he entered into the plea agreement or before the district court accepted the plea based on conduct which did not constitute the crime charged.[4] *See*

---

4. This remedy would also be appropriate where the government agreed to drop some charges brought in the original indictment in exchange for the petitioner's agreement to plead to others.

Fed.R.Crim.P. 11(f). *See also Hillary*, 106 F.3d at 1172 ("on correcting the error complained of in a section 2255 petition, the defendant may be 'placed in exactly the same position in which he would have been had there been no error in the first instance.'") (quoting *United States v. Silvers*, 90 F.3d 95, 99 (4th Cir.1996)).

Of course, it is impossible to truly return Barron to the position he was in before he entered into his plea agreement because he has served time in prison as a result of his guilty pleas. This cannot be "undone." Thus, the district court properly concluded that Barron is entitled to credit on any new sentence he may receive for the time he has already served on the counts to which he pleaded guilty under the agreement.

### B. *Breach of Agreement Irrelevant*

■ Relying on *United States v. Partida–Parra*, 859 F.2d 629 (9th Cir.1988), Barron argues that the government may not be relieved of its obligations under the plea agreement absent a breach by the defendant. Barron contends he did not breach his plea agreement by collaterally attacking his section 924(c)(1) conviction because his plea agreement did not expressly preclude such a challenge. Because he fulfilled his end of the bargain, he argues, the government must fulfill its obligations under the agreement.

Contrary to Barron's assertion, nothing in *Partida–Parra* suggests a district court may not rescind a plea agreement upon a petitioner's successful section 2255 motion to vacate a conviction and sentence entered under that agreement. In *Partida–Parra* we did not address the power of the district court under 28 U.S.C. § 2255. We held, rather, that a district court may not, at the *government's* request, vacate a voluntary guilty plea and rescind a plea agreement that has been accepted by the court, unless the defendant breached the agreement. *Id.* at 633–34. The defendant in *Partida–Parra* was perfectly content with his conviction and plea bargain. It was the *government* who sought to rescind the plea agreement because it had mistakenly charged a misdemeanor rather than a felony. *Id.* Here, on the other hand, it is the *defendant* who seeks to vacate his

conviction. Section 2255 specifically authorizes the district court to fashion an appropriate remedy for this kind of successful collateral challenge. The district court's authority to vacate the plea agreement was not contingent on whether or not Barron breached it.

In this regard, this case is distinguishable from *United States v. Sandoval–Lopez*, 122 F.3d 797 (9th Cir.1997). In *Sandoval–Lopez*, we held that the district court could not rescind the petitioners' plea agreements on the ground that the petitioners allegedly breached those agreements by bringing a successful, collateral *Bailey* challenge. There, "[t]he only basis on which the government contest[ed] the defendants' claim that the charges may not be reinstated [was] the alleged breach or repudiation" of the plea agreement. *Id.*, 122 F.3d at 800. As we said, *Sandoval–Lopez* was "a simple contract case." *Id.* 122 F.3d at 802. The only issue on appeal in that case was whether the defendants breached their plea agreements by collaterally attacking their section 924(c) convictions. *Id.* at 800. Here, on the other hand, the government correctly argues that the district court had authority under 28 U.S.C. § 2255 to fashion an appropriate remedy after Barron's successful *Bailey* challenge. We need not decide in this case whether or not Barron breached the agreement, and, we express no opinion on the district court's conclusion that he did. *See Barron*, 940 F.Supp. at 1493.

### C. *Double Jeopardy and Due Process*

■ Finally, Barron contends that reinstatement of the original charges in his indictment would unconstitutionally subject him to double jeopardy and deny him due process of law. We disagree.

There is no double jeopardy bar to reprosecuting Barron on the section 924(c) count, because it was Barron who successfully challenged his section 924(c) conviction.

[T]he double jeopardy guarantee imposes no limitations whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside. It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect

sufficient to constitute reversible error in the proceedings leading to conviction. To require a criminal defendant to stand trial again after he has successfully invoked a statutory right of appeal to upset his first conviction is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect.

*United States v. DiFrancesco,* 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980) (internal quotations and citations omitted).

■ As the district court pointed out, "[once] it is determined that the plea agreement in this case, when accepted by the Court, resulted in a single composite sentence, any double jeopardy concerns disappear." *Barron,* 940 F.Supp. at 1496. A defendant has no legitimate expectation of finality in a sentence that he attacks so long as he has not completed serving the "valid" portion of that sentence. *See United States v. Andersson,* 813 F.2d 1450, 1461 (9th Cir. 1987); *United States v. Jenkins,* 884 F.2d 433, 441 n. 3 (9th Cir.1989); *United States v. Moreno–Hernandez,* 48 F.3d 1112, 1116–17 (9th Cir.), *cert. denied,* 515 U.S. 1151, 115 S.Ct. 2598, 132 L.Ed.2d 844 (1995). Because Barron has not completed serving the "valid" portion of his sentence, he has placed his entire "sentence package" at issue in his section 2255 petition. *See Gardiner v. United States,* 114 F.3d at 734, 736 (8th Cir.1997). Rescission of Barron's plea agreement does not violate his due process rights.

### CONCLUSION

When a petitioner successfully challenges his conviction by guilty plea to one of several counts of conviction, one of the options available to the district court under 28 U.S.C. § 2255 is to vacate the entire plea agreement, as well as all guilty pleas on all counts, vacate the entire sentence, and restore the parties to the positions they were in before the plea agreement was entered. This is the option the district court chose in this case. It did not err when it did so.

AFFIRMED.