**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 10 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES MANDELL LEWIS,

    Defendant-Appellant,

No. 97-3142

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 97-CV-3007)

---

**SUBMITTED ON THE BRIEFS:**

James Mandell Lewis, Pro Se.

---

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

James Mandell Lewis brought this 28 U.S.C. § 2255 petition seeking vacation of his conviction under 18 U.S.C. § 924(c) without fear of future prosecution on other counts dismissed pursuant to his plea agreement. The district court denied relief. Mr. Lewis appeals and we affirm.

## I

Mr. Lewis was charged in a second superseding indictment with eleven counts of various cocaine and firearms offenses. In accordance with a written plea agreement filed with the court, Mr. Lewis pled guilty to count ten, which charged him with using a firearm during and in relation to a drug trafficking offense in violation of section 924(c)(1). The remaining counts were dismissed. He was sentenced to sixty months in prison and did not file a direct appeal.

The Supreme Court subsequently issued its opinion in Bailey v. United States, 516 U.S. 137 (1995), in which the Court construed using a firearm in violation of section 924(c)(1) more narrowly than this court had done previously. Mr. Lewis then brought this action under 28 U.S.C. § 2255, in which he relied upon Bailey to challenge his conviction under section 924(c)(1). In so doing, Mr. Lewis emphasized that he was not seeking to set aside the plea agreement under which the ten remaining counts against him were dismissed, and he asserted that he was therefore entitled to immediate release. The government agreed with Mr.

Lewis that in light of Bailey the evidence did not support his conviction under section 924(c)(1). However, the government argued that if the count of conviction were vacated, the entire plea agreement would be voided and Mr. Lewis would again be subject to prosecution on the dismissed charges.

In a thorough and thoughtful memorandum and order, the district court held Mr. Lewis could seek to rescind his agreement with the government because of the parties' mutually mistaken belief when entering the plea bargain that the evidence supported the section 924(c)(1) count. See United States v. Lewis, 964 F. Supp. 1513, 1521 (D. Kan. 1997). However, the court rejected Mr. Lewis' assertion that he could challenge the count of conviction with impunity.

> Lewis is the party adversely affected by the parties' mutual mistake. His plea agreement with the government is therefore voidable if he so chooses. Under contract, equitable and constitutional principles, Lewis may seek to withdraw his plea. Lewis is not, however, entitled to vacation of his conviction without fear of prosecution on the counts dismissed pursuant to the plea agreement.

Id.

Pointing out that withdrawal of the plea might expose Mr. Lewis to a substantially longer period of imprisonment than he had received under the plea agreement, the district court strongly encouraged Mr. Lewis to seek the advice of counsel, denied his section 2255 petition to the extent it sought to vacate only the section 924(c)(1) conviction, and took the matter under advisement to allow Mr.

-3-

Lewis the opportunity to review his options in light of the court's ruling. Id. at 1521-22. In response, Mr. Lewis continued to argue that he was entitled to challenge only the portion of the plea agreement under which he was convicted of violating section 924(c)(1), and moved the court to treat his response as a notice of appeal of the court's ruling to the contrary. The court then construed Mr. Lewis' section 2255 petition as one seeking to vacate his section 924(c)(1) conviction without fear of prosecution on the counts dismissed pursuant to the plea agreement and denied it.[1]

## II

On appeal, Mr. Lewis contends that because he did not seek vacation of his plea, the district court was without authority to direct him to choose between vacating the entire plea agreement or having his section 2255 motion denied. He further contends the district court erred in ruling that if Mr. Lewis successfully challenged his section 924(c)(1) conviction, the government could proceed against him on the dismissed charges.

In support of his position, Mr. Lewis relies on the Ninth Circuit's opinion in United States v. Sandoval-Lopez, 122 F.3d 797 (9th Cir. 1997). In rejecting

---

[1] The district court issued a certificate of appealability pursuant to this court's Emergency General Order, In re Procedures Regarding the Prison Litigation Reform Act and the Antiterrorist and effective Death Penalty Act, No. 96-41 (10th Cir. Oct. 1, 1996).

Mr. Lewis' arguments, the district court relied on <u>United States v. Barron</u>, 940 F. Supp. 1489 (D. Alaska 1996).  The Ninth Circuit subsequently affirmed that analysis, <u>see</u> <u>United States v. Barron</u>, 127 F.3d 890 (9th Cir. 1997), and distinguished <u>Sandoval-Lopez</u> in so doing.  We recently declined to follow <u>Sandoval-Lopez</u>, <u>see</u> <u>United States v. Bunner</u>, No. 97-5066, 1998 WL 17352, at *2 (10th Cir. Jan. 20, 1998),[2] and expressed no opinion on the Ninth Circuit's analysis in <u>Barron</u> because it was not pertinent to the arguments then before us, <u>see</u> <u>id.</u> at *2, n.2.  The instant case, however, does require that we consider the rationale set out in <u>Barron</u>.  As we discuss briefly below, we find <u>Barron</u> persuasive and therefore affirm the district court.

In <u>Barron</u>, the defendant entered into a plea agreement under which he pled guilty to one firearm possession count, one drug possession count, and one count of violating section 924(c)(1).  He was given concurrent sentences of 120 months on the possession charges, and a consecutive sentence of 60 months on the section 924(c)(1) count.  After the defendant began serving his sentence, he sought relief under section 2255 alleging that his section 924(c)(1) conviction was invalid

---

[2] Applying contract principles, we held in <u>Bunner</u> that the purpose of the plea agreement was frustrated by an intervening event, the decision in <u>Bailey</u>. The defendant was then faced with two choices:  he could perform under the agreement as though <u>Bailey</u> did not exist, or he could move to vacate his sentence on the basis of <u>Bailey</u>.  Once he did the latter, he relieved the government from performing its side of the plea bargain.  <u>See</u> <u>Bunner</u>, 1998 WL 17352, at *4-5.

under the recently decided Bailey. The district court agreed, but ruled that if the defendant chose to let his section 2255 motion stand, the court would rescind the entire plea agreement, reinstate all three counts, and return the parties to the position they were in before entering the plea agreement. See Barron, 940 F. Supp. at 1494.

On appeal, the Ninth Circuit held that when the challenged conviction is part of a package, the district court has jurisdiction to "abrogate an entire plea agreement under section 2255, even when that entails vacating unchallenged counts of conviction." Barron, 127 F.3d at 895. In so doing, the court pointed to unanimous circuit authority holding that "section 2255 confers jurisdiction on district courts to resentence a defendant on unchallenged counts of conviction after vacating a challenged 924(c) count, at least where the aggregate sentence can be viewed as a 'package.'" Id. at 894. Pointing out that the language of section 2255 confers broad and flexible remedial power on the district court, the Ninth Circuit concluded that "[j]ust as section 2255's grant of authority to 'resentence' the defendant and 'correct the sentence as may appear appropriate' confers remedial jurisdiction over the aggregate sentence, the grant of authority to 'vacate and set the judgment aside' and 'correct the sentence as may appear appropriate,' confers remedial jurisdiction over the aggregate judgment." Id. at 894-95.

This court has joined those circuits holding that "a district court has authority to resentence a defendant on unchallenged related convictions, after vacating a § 924(c) conviction in a § 2255 proceeding." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). In Mendoza, the defendant pled guilty to both a drug conspiracy and a section 924(c) violation and was given a sentence of eighty-seven months on the conspiracy conviction and a consecutive sixty months on the firearm conviction. After a successful section 2255 challenge to the section 924(c) conviction, the district court resentenced the defendant to one hundred eight months on the remaining conspiracy conviction after enhancing it under the sentencing guidelines for possession of a weapon. Id. at 708-09. The defendant appealed and we affirmed, holding that "[i]n light of § 2255's language and the interdependence of defendant's conspiracy and firearm sentences, the district court possessed authority under § 2255 to resentence defendant on the . . . conspiracy conviction, after having vacated the § 924(c) conviction and sentence." Id. at 710 (citation omitted). We also rejected the defendant's argument that the district court's authority to resentence him was limited by his failure to challenge the conspiracy conviction or sentence, stating that "[t]he specific issues the defendant raises in a § 2255 motion, however, do not circumscribe the district court's authority when resentencing becomes necessary." Id.

-7-

We agree with the Ninth Circuit in <u>Barron</u> that the broad and flexible remedial power conferred on the district court by section 2255 together with the interdependence of the various counts disposed of in a plea agreement, upon which we relied in <u>Mendoza</u>, provide the district court with authority to vacate an entire plea agreement when a conviction that is part of the plea package is vacated.[3]

> Given the realities of plea bargaining, it makes good sense to apply the sentence package concept when a petitioner challenges one of multiple convictions obtained under a plea agreement. . . . Because the district court cannot possibly know what convictions or sentences [a defendant] would have received had he not pleaded guilty to the section 924(c) count . . ., an appropriate remedy is to put [the defendant] in the position he was in before he entered into the plea agreement or before the district court accepted the plea based on conduct which did not constitute the crime charged.

<u>Barron</u>, 127 F.3d. at 895. As the Ninth Circuit observed with regard to the circumstances in the instant case, "[t]his remedy would also be appropriate where the government agreed to drop some charges brought in the original indictment in exchange for the petitioner's agreement to plead to others." <u>Id.</u> at 896 n.4.

In sum, we **AFFIRM** the district court's decision denying Mr. Lewis' motion to vacate his section 924(c) conviction without vacating the plea

---

[3] Although we were guided by contract principles when deciding <u>United States v. Bunner</u>, 1998 WL 17352, inherent in our analysis under the "frustration of purpose" doctrine was the notion that a plea package confers interdependent benefits on both parties, <u>see</u> <u>id.</u> at *4-5.

agreement under which it was entered.