141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Maximian GARZA, Jr., Defendant-Appellant.
 No. 97-35377.
DC Nos.CV-96-00034-JLQ, CR-91-00018-JLQ.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 5, 1998.
Decided April 6, 1998.
 
 Appeal from the United States District Court for the Eastern District of Washington Justin L. Quackenbush, District Judge, Presiding.
 Before SCHROEDER, ALARCON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maximian Garza, Jr. appeals the district court's order denying this 28 U.S.C. § 2255 motion to overturn his guilty plea for using or carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c)(1). He contends that the plea was involuntary because the government did not establish at the plea colloquy that he satisfied the requirements of Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).
 
 
 3
 The government argues that Garza may not maintain this challenge in light of our decision in United States v. Lorentsen, 106 F.3d 278 (9th Cir.1997). Lorentsen does not bar this challenge because this is neither a successive petition, nor was it filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, tit. I, § 105, 110 Stat. 1214, 1220.
 
 
 4
 On the merits, Garza contends that during the plea colloquy he disputed the government's proffer that his codefendants would testify that Garza typically carried a Winchester .22 rifle when picking up drugs. Garza did not agree with all of the government's proffer.
 
 
 5
 THE COURT: You think the Government--or not think. Can she prove what she said?
 
 
 6
 THE DEFENDANT: Most of it, yes.
 
 
 7
 THE COURT: Which part do you disagree with?
 
 
 8
 THE DEFENDANT: The statement that Mr. Rick Schmoe made.
 
 
 9
 THE COURT: Which one?
 
 
 10
 THE DEFENDANT: About him seeing me dealing cocaine with a gun strapped on and him being my bodyguard. He was not my bodyguard.
 
 
 11
 THE COURT: Where were the guns when you were dealing cocaine?
 
 
 12
 THE DEFENDANT: Mainly I hid them upstairs, but they--
 
 
 13
 THE COURT: Did you keep the drugs upstairs too?
 
 
 14
 THE DEFENDANT: No, Ruben keep those.
 
 
 15
 THE COURT: Who kept them?
 
 
 16
 THE DEFENDANT: Ruben.
 
 
 17
 THE COURT: Ruben. In the house?
 
 
 18
 THE DEFENDANT: Sometimes in the house, sometimes outside.
 
 
 19
 Garza contends that this exchange constitutes a denial that he carried a gun during drug dealing and an assertion that the guns were hidden upstairs during the drug transactions. We agree that the transcript upon which he relies, although ambiguous, supports his characterization.
 
 
 20
 The government contends that the denial of Schmoe's proffered testimony refers only to the proffer that Schmoe carried a .44 caliber revolver during the transactions and was a bodyguard. While that portion of the transcript could arguably be so construed, the government's argument overlooks the portion of the exchange in which the defendant stated that the guns were hidden upstairs during drug dealing.
 
 
 21
 The government also points to its proffer that all of the co-defendants, not merely Schmoe, would testify that Garza carried a weapon during drug dealing, and that this aspect of the proffer was never directly disputed. Again, the government overlooks the defendant's statement, in response to the court's question, that the guns were elsewhere. Although Garza's denials do not correspond perfectly to the details of the government's proffer, the ambiguity is sufficient to support Garza's contention that he never admitted to carrying a firearm in connection with drug trafficking as currently defined in this circuit. See United States v. Foster, 133 F.3d 704, 708 (9th Cir.1998) ("[T]he defendant must have transported the firearm on or about his person ... [and] the firearm must have been immediately available for use by the defendant."). We therefore conclude that the colloquy was insufficient to support a plea under § 924(c), and that the conviction must therefore be vacated.
 
 
 22
 The defendant was sentenced to two consecutive terms of incarceration: 87 months for the unchallenged conspiracy conviction and 60 months for the § 924(c) conviction.
 
 
 23
 The defendant seeks to vacate the § 924(c) conviction, but does not wish that successful challenge to result in overturning the entire plea agreement. The government, on the other hand, contended in oral argument that the court should reinstate all charges. The issue has not been briefed and we therefore remand to the district court to determine the proper remedy. See generally United States v. Barron, 127 F.3d 890 (9th Cir.1997) (petition for rehearing pending).
 
 
 24
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3