**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DAVID E. STERNBERG,

    Defendant-Appellant.

No. 00-3065
(D. Kan.)
(D.Ct. No. 99-CV-3166-KHV)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant David E. Sternberg, a federal prisoner appearing *pro se*, appeals

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's decision dismissing his motion filed pursuant to Federal Rule of Civil Procedure 59(e). We construe Mr. Sternberg's motion as one filed under Federal Rule of Civil Procedure 60(b), construe his appeal as an implied application to file a second or successive motion under 28 U.S.C. § 2255, and deny him leave to file a § 2255 motion in the district court.

This appeal is fraught with several procedural hurdles we must overcome in order to determine our and the district court's jurisdiction over Mr. Sternberg's pleadings, and to ultimately determine the disposition of Mr. Sternberg's appeal. Our first task is to determine the scope of our jurisdiction over Mr. Sternberg's appeal. We begin by noting that on September 9, 1999, the district court issued a Memorandum and Order denying Mr. Sternberg's § 2255 motion on the merits. *United States v. Sternberg*, 1999 WL 760337 (D. Kan., Sept. 8, 1999). On September 23, 1999, Mr. Sternberg mailed a post-judgment motion to alter or amend the district court's judgment pursuant to Fed. R. Civ. P. 59(e), which the clerk filed on September 29, 1999. On January 4, 2000, the district court denied Mr. Sternberg's Rule 59(e) motion both as untimely and on the merits. Mr. Sternberg filed a notice of appeal on February 28, 2000.

As the district court noted, Mr. Sternberg did not file (or even mail) his

Rule 59(e) motion within ten days of the district court's judgment. Because Mr. Sternberg's motion was filed more than ten days after the district court's entry of final judgment, and because the motion challenged the basis of the district court's denial of relief on his § 2255 motion, we will construe his post-judgment motion as one filed pursuant to Fed. R. Civ. P. 60(b)(6). *See Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000). However, because Mr. Sternberg did not file his motion within ten days of the district court's decision dismissing his § 2255 motion, his Rule 60 motion did not toll the time to file an appeal with this court from the district court's § 2255 judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi); *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Therefore, Mr. Sternberg had only sixty days to file an appeal from the district court's § 2255 judgment. *See* Fed. R. App. P. 4(a)(1)(B) (allowing the notice of appeal to be filed sixty days after the judgment or order appealed from is entered if the United States of its officer or agency is a party.) Because Mr. Sternberg did not timely appeal the district court's decision dismissing his § 2255 motion, we lack jurisdiction to review that underlying decision. *Hawkins*, 64 F.3d at 546.

On the other hand, Mr. Sternberg's notice of appeal was timely filed from the entry of the district court's order denying his motion which we construe as a Rule 60 motion. Thus, Mr. Sternberg timely filed his appeal of the district court's

decision denying the Rule 60 motion, and we have jurisdiction to review his appeal of that decision only. *Id.*

We now turn to an examination of Mr. Sternberg's Rule 60 motion in which he challenged the basis of the district court's decision dismissing his § 2255 motion. We have held Rule 60(b)(6) motions, such as the one at issue, cannot be used to circumvent restrictions imposed on successive motions. *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir.) (per curiam), *cert. denied*, 525 U.S. 1024 (1998). Thus, we treat a post-judgment Rule 60(b)(6) motion filed in a habeas proceeding as a second or successive motion under the Antiterrorism and Effective Death Penalty Act of 1996. *See Lopez*, 141 F.3d at 975. In order to file a second or successive § 2255 motion in the district court, the movant must obtain prior authorization from this court. *See* 28 U.S.C. §§ 2244(3)(A), 2255. Because Mr. Sternberg failed to obtain our authorization, the district court lacked jurisdiction to decide his Rule 60(b) motion, and therefore, we must vacate the district court's order denying that motion. *See Lopez*, 141 F.3d at 975-76.

Having made this determination, we next construe Mr. Sternberg's notice of appeal and brief on appeal together as an implied application for leave to file another § 2255 motion in the district court. *See Lopez*, 141 F.3d at 976. In order

to obtain authorization from this court to file a second § 2255 motion in the district court, Mr. Sternberg must make the requisite showing under 28 U.S.C. § 2255. Specifically, he must show:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(4)(1), (2). In short, Mr. Sternberg must demonstrate either 1) previously undiscoverable facts sufficient to establish he would not have been found guilty of the offense, or 2) reliance on a new, retroactive rule of constitutional law.

Following a review of Mr. Sternberg's implied application, we determine his application does not meet the requirements under § 2255. In sum, Mr. Sternberg's appeal merely attacks the district court's decision on his § 2255 motion, which we lack jurisdiction to consider. Even if we construe Mr. Sternberg's *pro se* appeal liberally and assume these same arguments somehow apply to his Rule 60(b) motion, Mr. Sternberg does not allege nor show a previously undiscoverable factual predicate existed sufficient to establish that no reasonable fact finder would have found him guilty of the underlying offense, or

that his claims rely on a new, retroactive rule of constitutional law. 28 U.S.C. § 2255. Instead, Mr. Sternberg merely reiterates issues raised and addressed by the district court in dismissing his § 2255 motion.

For these reasons, we are compelled to deny Mr. Sternberg's application without further discussion, other than to reject Mr. Sternberg's contention that our decision in *United States v. Lewis*, 138 F.3d 840 (10th Cir. 1998), on which the district court partially relied in dismissing Mr. Sternberg's § 2255 motion, is no longer good law. As the district court held in its decision denying Mr. Sternberg's Rule 60(b) motion, *Lewis* "remains good law in the Tenth Circuit" despite the fact that a Ninth Circuit case on which it relied was withdrawn and reversed. *See United States v. Barron*, 127 F.3d 890 (9th Cir. 1997), *withdrawn*, 138 F.3d 809 (9th Cir. 1998), *rev'd*, 172 F.3d 1153 (1999) (en banc). We note our holding in *Lewis* follows our holdings in other Tenth Circuit court cases issued prior to and after *Lewis*. *See United States v. Easterling*, 157 F.3d 1220, 1223-24 (10th Cir. 1998); *Lewis*, 138 F.3d at 842-43; *United States v. Bunner*, 134 F.3d 1000, 1004-05 (10th Cir.), *cert. denied*, 525 U.S. 830 (1998); *United States v. Mendoza*, 118 F.3d 707, 709-710 (10th Cir.), *cert. denied*, 522 U.S. 961 (1997). Despite Mr. Sternberg's contentions, we are not required to follow the Ninth Circuit's final decision in *Barron* as it represents nonbinding,

nonprecedential authority, which this circuit is not required to follow. *See Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988).

For these reasons, we conclude Mr. Sternberg fails to make the prima facie showing necessary to satisfy the requirements under the Antiterrorism and Effective Death Penalty Act for a second or successive habeas application. Accordingly, we **VACATE** the district court's January 3, 2000 order denying Mr. Sternberg's Rule 60(b)(6) motion, and deny Mr. Sternberg's implied application for leave to file a second or successive § 2255 motion in the district court. Because this appeal involves an implied application for leave to file a successive motion, no certificate of appealability is required and therefore, Mr. Sternberg's request for a certificate of appealability is denied.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge