Ervin **HAWKINS**, Petitioner–Appellant,

v.

**Edward L. EVANS, Warden; Attorney General for the State of Oklahoma, Respondent–Appellee.**

No. 95–5068.

United States Court of Appeals, Tenth Circuit.

Aug. 22, 1995.

Ervin Hawkins, pro se.

W.A. Drew Edmonson, Atty. Gen., William L. Humes, Asst. Atty. Gen., State of Oklahoma, Oklahoma City, OK, for respondent-appellee.

Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.

BALDOCK, Circuit Judge.

Petitioner Ervin Hawkins, appearing pro se, appeals the district court's denial of his motion to reconsider its order dismissing as successive his second 28 U.S.C. § 2254 petition for a writ of habeas corpus. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

The procedural history of this case is as follows. In 1986 Petitioner was charged in Oklahoma state court for the rape and sodomy of his fourteen-year-old stepdaughter. On May 30, 1986, pursuant to a plea agreement, Petitioner pled guilty to three counts of first degree rape, one count of causing a minor to participate in lewd photographs, and one count of forcible sodomy. Petitioner did not file a direct appeal.

On April 18, 1992, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the district court. In the petition, Petitioner argued: (1) his guilty plea was involuntary because the trial court did not elicit a factual basis for the plea; (2) his counsel was constitutionally ineffective; (3) due process violations occurred during trial and post-trial proceedings; and (4) the State of Oklahoma breached the terms of the plea agreement. The district court referred the matter to a magistrate judge who recommended dismissal of the petition on procedural default grounds because Petitioner had failed to appeal his conviction in state court. After de novo review, the district court adopted the magistrate judge's recommended disposition and dismissed the petition on grounds of state procedural default. Peti-

tioner did not appeal the district court's finding of state procedural default.

On February 28, 1994, Petitioner filed a second petition for a writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2254. Petitioner argued in his petition that: (1) he is entitled to file successive habeas corpus petitions; (2) his guilty plea was not knowing and voluntary because the trial court did not follow the proper procedures for acceptance of a guilty plea; and (3) his guilty plea was not knowing and voluntary because of the bias and prejudice of the trial court. Respondent moved to dismiss the petition on the grounds that it was successive pursuant to Rule 9(b) of the Rules Governing § 2254 Cases. The district court referred the matter to a magistrate judge who determined that in the second § 2254 petition, Petitioner raised the same issues that the district court had dismissed as procedurally barred in the first habeas petition. Because the petition raised the same grounds for relief raised in the first habeas petition, the magistrate judge recommended that the district court dismiss the petition as successive under Rule 9(b). In so doing, the magistrate concluded that the finding of state procedural default in the first habeas petition was a determination on the merits for purposes of the Rule 9(b) successive petition doctrine.

Petitioner objected to the magistrate's report and recommendation. On July 6, 1994, the district court adopted the magistrate's report and recommendation and denied Petitioner's second petition for a writ of habeas corpus. On July 15, 1994, Petitioner filed a "Motion to Reconsider Order With Authorities" in the district court. On October 6, 1994, Petitioner filed a "Motion for an Evidentiary Hearing" in the district court, arguing that his allegations that his trial counsel was ineffective and that the State of Oklahoma breached his plea agreement required the district court to conduct an evidentiary hearing. By order dated March 23, 1995, the district court denied Petitioner's motions for

reconsideration and for an evidentiary hearing. This appeal followed.[1]

On appeal, Petitioner contends the district court erred in denying his motion to reconsider. The district court erred, Petitioner argues, because the dismissal of his first federal habeas petition on the grounds of state procedural default did not constitute a determination on the merits for purposes of the Rule 9(b) successive petition doctrine.[2]

We first must determine the scope of our appellate review in the instant case. "The Federal Rules of Civil Procedure recognize no 'motion for reconsideration.' " *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995) (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, — U.S. —, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992)). We construe a motion for reconsideration in one of two ways. *Id.* "If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e)." *Id.* "Alternatively, if the motion is filed more than ten days after the entry of the judgment, it is considered a motion seeking relief from the judgment under Fed.R.Civ.P. 60(b)." *Id.* "This distinction ... [is] significant in determining the timeliness of a notice of appeal, for a Rule 59(e) motion tolls the 30–day period [for appeal] ... while a Rule 60(b) motion does not." *Id.* Consequently, an appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits consideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment. *Artes–Roy v. Aspen, (The) City of*, 31 F.3d 958, 961 n. 5 (10th Cir.1994); *Campbell v. Bartlett*, 975 F.2d 1569, 1580 n. 15 (10th Cir.1992).

In the instant case, the district court denied Petitioner's second habeas petition on July 6, 1994. Petitioner filed the motion to reconsider nine days later on July 15, 1994. We therefore construe Petitioner's motion to reconsider as a Rule 59(e) motion to alter or amend the judgment because the motion was filed within ten days after the filing of the district court's order denying Petitioner's second habeas petition. *E.g., Hatfield*, 52 F.3d at 861. Consequently, we may review the district court's determination that Petitioner's second habeas petition was successive under Rule 9(b) of the Rules Governing § 2254 Cases. *E.g., Artes–Roy*, 31 F.3d at 961 n. 5.

We review the district court's determination that a § 2254 habeas petition is successive under Rule 9(b) for an abuse of discretion. *Nachtigall v. Class*, 48 F.3d 1076, 1079 (8th Cir.1995); *see also Sanders v. United States*, 373 U.S. 1, 18–19, 83 S.Ct. 1068, 1078–81, 10 L.Ed.2d 148 (1963). Rule 9(b) bars federal review of a state prisoner's second or successive § 2254 habeas petition "if the judge finds that it fails to allege new or different grounds for relief and the prior

---

**1.** On April 25, 1995, the district court issued Petitioner a certificate of probable cause pursuant to 28 U.S.C. § 2253 and Fed.R.App.P. 22(b).

**2.** Petitioner also argues on appeal that the district court erred because: (1) it denied his motion for an evidentiary hearing; (2) the bias and prejudice of the Oklahoma trial court rendered his guilty plea involuntary; and (3) the ineffective assistance of his trial counsel constituted sufficient cause to excuse his procedural default in state court. Because we conclude that the district court did not abuse its discretion in determining his second habeas petition was successive under Rule 9(b), we find the district court did not abuse its discretion in denying Petitioner's motion for an evidentiary hearing regarding issues raised in the petition. *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1535 (10th Cir. 1994) (district court's decision whether to hold evidentiary hearing reviewed for abuse of discretion). Under similar logic, we do not address Petitioner's argument regarding the voluntariness of his guilty plea because we find that the district court did not abuse its discretion in dismissing his habeas petition (and the voluntariness issue) as successive under Rule 9(b). Finally, Petitioner did not appeal the district court's dismissal of his first federal habeas petition. By so doing, Petitioner did not challenge the district court's ruling that he procedurally defaulted in state court without cause when he failed to directly appeal his conviction. Because Petitioner did not appeal the federal district court's ruling of state procedural default, we reject his attempts to collaterally attack that unappealed final order in this proceeding by arguing that he had cause to excuse the state procedural default.

determination was on the merits." Rule 9(b) of the Rules Governing § 2254 Cases; *see also Parks v. Reynolds,* 958 F.2d 989, 994–95 (10th Cir.), *cert. denied,* 503 U.S. 928, 112 S.Ct. 1310, 117 L.Ed.2d 530 (1992). "A federal habeas court's rejection of a petitioner's constitutional claim because of state procedural default and a failure to show cause and prejudice must be regarded as a determination on the merits in examining whether a subsequent petition is successive." *Bates v. Whitley,* 19 F.3d 1066, 1067 (5th Cir.1994); *accord Shaw v. Delo,* 971 F.2d 181, 184 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1301, 122 L.Ed.2d 690 (1993); *Howard v. Lewis,* 905 F.2d 1318, 1323 (9th Cir.1990). In order to reintroduce a successive claim, the petitioner must show that "the ends of justice would be served by a redetermination" of the issues previously found to be procedurally defaulted. *Sanders,* 373 U.S. at 17, 83 S.Ct. at 1078.

In the instant case, Petitioner does not dispute the district court's conclusion that he raised in his second § 2254 petition the same issues that the court determined were procedurally defaulted in his first federal habeas petition. Nor does Petitioner contend "the ends of justice would be served by a redetermination," *id.,* of the issues. Rather, Petitioner maintains that the dismissal of his first habeas petition on the grounds of state procedural default did not constitute a determination on the merits for purposes of the Rule 9(b) successive petition doctrine.

We reject Petitioner's argument and follow the well-reasoned authority of our sister circuits that have decided this issue. "While a court, in dismissing a petition because of state procedural default ... is *not* determining the merits of the underlying claims, it *is* making a determination on the merits that the underlying claims *will not* be considered by a federal court for reasons of comity." *Howard,* 905 F.2d at 1322. Thus, "[s]uch a determination should be considered 'on the merits' for purposes of the successive petition doctrine." *Id.; accord Bates,* 19 F.3d at 1067; *Shaw,* 971 F.2d at 184. We therefore hold that a federal court's rejection of a state habeas petitioner's constitutional claim on grounds of state procedural default is a determination on the merits for purposes of the Rule 9(b) successive petition doctrine. Consequently, we find the district court did not abuse its discretion in dismissing as successive Petitioner's second habeas petition.

AFFIRMED.