UNITED STATES COURT OF APPEALS
**Filed 12/5/96**
FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SAUNDRA AMANDA DAVIS,

      Defendant-Appellant.

No. 96-6112
(D.C. No. CIV-91-1673-A)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Saundra Amanda Davis appeals from the district court's denial of her motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The district court concluded that Ms. Davis's motion was successive under Rule 9(b) of the Rules Governing Section 2255 Proceedings. We review the court's determination that a motion is successive for abuse of the court's discretion. See Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995).

In August 1989, Ms. Davis pleaded guilty to conspiracy to distribute heroin and was sentenced, inter alia, to 210 months' imprisonment. She did not take a direct appeal. On January 22, 1990, she filed her first § 2255 motion seeking to vacate her conviction and sentence on the basis that the evidence against her was insufficient. The district court denied the motion on the basis that the issue was procedurally defaulted, since Ms. Davis had not provided adequate explanation why she did not raise it on direct appeal. For purposes of successiveness, this was a decision on the merits, see Hawkins, 64 F.3d at 547, and Ms. Davis did not appeal. On June 6, 1990, Ms. Davis filed a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35. The court denied this motion, and again she did not appeal. On August 14, 1990, she filed a motion to dismiss her indictment, conviction and sentence for lack of jurisdiction, which the district court denied

that same day.  She did appeal the denial of this motion, and this court affirmed, describing her motion as "patently frivolous."  United States v. Davis, No. 90-6287 (10th Cir. Apr. 18, 1991)(order and judgment).

Ms. Davis then filed the instant § 2255 motion, in which she raises six issues:  (1) ineffective assistance of counsel; (2) breach of plea agreement; (3) violation of privilege against self-incrimination; (4) inaccuracies in the presentence report; (5) improper calculation of sentence; and (6) application of mandatory minimum sentence in violation of due process.  The district court referred the case to the magistrate judge, who recommended that the motion be denied as successive because Ms. Davis did not raise any issues that could not have been raised in the first motion and she failed to show cause for excluding them from her first motion.  The district court adopted the magistrate judge's report and recommendation and denied the motion.

A district court may deny a second § 2255 motion as abusive or successive unless the defendant "excuses his failure to raise the issue earlier by showing cause for failing to raise it and prejudice therefrom or by showing that a fundamental miscarriage of justice would result from a failure to entertain the claim."  United States v. Richards, 5 F.3d 1369, 1370 (10th Cir. 1993)(quotation omitted).  Ms. Davis contends that she should be excused for her successive § 2255 motion because she "became knowledgeable of the facts [only] after she

received her Sentencing Transcript . . . , her plea agreement, and a copy of her pre-sentence report, then compare[d] the findings with her version of what actually took place, along with what the laws will and will not allow." Appellant's Reply Br. at 3. This allegation of cause is clearly insufficient to excuse her successive motion. In addition, Ms. Davis does not claim to be innocent of the conspiracy charge, and all of the issues she raises relate to the sentence she received. Thus, she cannot show that failure to consider her second § 2255 motion would result in a fundamental miscarriage of justice because that requires a showing of actual innocence, and "[a] person cannot be actually innocent of a noncapital sentence." Richards, 5 F.3d at 1371.

The district court did not abuse its discretion in denying Ms. Davis's motion as successive. Therefore, the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

John W. Lungstrum
District Judge

-4-