**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL GASKIN,

Defendant-Appellant.

No. 97-2282
(D.C. No. CIV-96-1467-JC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Michael Gaskin is a federal prisoner and a *pro se* litigant. Mr. Gaskin

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

requests a certificate of appealability to appeal the district court's denial of his motion to reconsider that court's earlier dismissal of Mr. Gaskin's § 2255 motion. *See* 28 U.S.C. § 2255. We deny Mr. Gaskin's request for a certificate of appealability and dismiss the appeal.

Mr. Gaskin entered a guilty plea, pursuant to a written plea agreement, to the charge of possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). As part of this agreement, the Government dismissed a gun charge against Mr. Gaskin. In accordance with the terms of the plea agreement, Mr. Gaskin was sentenced to thirty months imprisonment in "the custody of the United States Bureau of Prisons." The plea agreement was silent as to where and how Mr. Gaskin would serve his sentence; however, the sentencing court recommended Mr. Gaskin serve his sentence at the "Intensive Confinement Center, Lewisburg, Pennsylvania," a "shock incarceration" or "boot camp" facility. [1] Interestingly, as part of the plea agreement, Mr. Gaskin also waived his right to pursue "post-conviction relief,

---

[1] Pursuant to 18 U.S.C. § 4046, the Bureau of Prisons is authorized to place prisoners into the Intensive Confinement Center program. This "is a specialized program combining features of a military boot camp with the traditional correctional values of the Bureau of Prisons, followed by extended participation in community-based programs. The goal of [the] program is to promote personal development, self-control, and discipline." 28 C.F.R. § 524.30.

including ... any motions filed pursuant to 28 U.S.C. § 2255."

On July 8, 1996, Mr. Gaskin was designated to the Pennsylvania boot camp recommended by the sentencing court. After Mr. Gaskin had completed approximately two months of the six-month program, the Bureau of Prisons determined he was ineligible for the program and transferred him to a federal prison camp in Texas. On October 23, 1996, Mr. Gaskin filed a § 2255 motion in the United States District Court for the District of New Mexico. Mr. Gaskin alleged the "denial of enrollment" in the boot camp program constituted a breach of the plea agreement. Arguing that enrollment in the boot camp necessarily would have led to his early release from custody, Mr. Gaskin asked to be released from the prison camp to "house arrest" for the balance of his thirty-month sentence.

The magistrate judge concluded that a "'sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons,'" quoting *United States v. Williams*, 65 F.3d 301, 307 (2d Cir 1995), and held the district court "lacks the authority to grant the relief requested." After a *de novo* review of the record, including Mr. Gaskin's

objections, the district court adopted the magistrate's findings and recommendation. The New Mexico district court further held Mr. Gaskin's claim was "not cognizable" under § 2255, citing, *inter alia*, *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (describing scope of § 2255), and dismissed Mr. Gaskin's petition with prejudice on February 24, 1997.

Mr. Gaskin did not appeal the New Mexico district court's dismissal of his § 2255 motion. However, Mr. Gaskin did file for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Texas, the district where he was then confined in the federal prison camp. The record indicates Mr. Gaskin's habeas petition again raised the issue of his transfer out of the boot camp, and requested immediate release from incarceration. The Texas district court also concluded Mr. Gaskin was not "entitled to placement in a 'boot camp'"and, moreover, "completion of a shock incarceration program does not entitle an offender to a sentence reduction." Accordingly, on July 24, 1997, the Texas district court denied Mr. Gaskin's petition.

On July 30, 1997, Mr. Gaskin returned to the New Mexico district court, filing a self-styled "Petition to Rehear Matter on Judicial Recommendation Ordered at Sentencing." On August 7, 1997, the district court denied Mr.

Gaskin's motion, concluding the "motion for reconsideration essentially reargues the legal issues already decided ... on February 24, 1997." Mr. Gaskin then filed a notice of appeal to this court on August 14, 1997. Finding "no substantial issue of law for review," the district court denied Mr. Gaskin a certificate of appealability on August 21, 1997.

We first must determine the scope of our appellate review in this matter. Mr. Gaskin's July 30, 1997 motion asks the New Mexico district court to "re-open" his case. We read his petition as a motion to reconsider, as did the district court. The Federal Rules of Civil Procedure, however, do not recognize a motion to reconsider. *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Accordingly, we construe a self-styled motion to reconsider in one of two ways. *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). If the motion is filed within ten days of the district court's entry of judgment, it is treated as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. *Id.* If the motion is filed more than ten days after entry of judgment, it is treated as a Fed. R. Civ. P. 60(b) motion seeking relief from judgment. *Id*. The distinction is significant because a Rule 59(e) motion tolls the thirty-day period for appeal while a Rule 60(b) motion does not. *Id*. Thus, "an appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits

consideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment."  *Id*. (citing multiple cases).

Filed more than five months after the February 24, 1997 judgment on his § 2255 motion, Mr. Gaskin's July 30, 1997 motion to reconsider must be treated as a Rule 60(b) motion.  Consequently, Mr. Gaskin's appeal raises for review only the district court's denial of his motion to reconsider and not the underlying judgment itself.  *See id.*

A Rule 60(b) motion is not a substitute for direct appeal.  *See Cashner v. Freedom Stores, Inc* ., 98 F.3d 572, 576 (10th Cir. 1996).  Relief under Rule 60(b) is discretionary and is warranted only upon a showing of exceptional circumstances.  *Id.*  Exceptional circumstances may be demonstrated by satisfying one or more of the six grounds for relief provided under Rule 60(b).  Mr. Gaskin's motion fails to satisfy any of these grounds.

The district court concluded Mr. Gaskin's motion "essentially reargues the legal issues already decided."  We agree.  Mr. Gaskin asserts his "due process rights were violated in his expulsion from this program after he completed 33

percent of such program, and the resulting measures deprived him in receiving freedoms likened to good time credits." As authority for this proposition, Mr. Gaskin cites *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); and *Downey v. Crabtree*, 100 F.3d 662 (9th Cir. 1996). However, the cases cited are inapposite and warrant no further comment.

Mr. Gaskin's motion to reconsider simply reargues the claims already rejected in both his § 2255 motion and his § 2241 petition. We conclude the district court did not abuse its discretion when it denied Mr. Gaskin's motion for reconsideration, thus Mr. Gaskin has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, Mr. Gaskin's request for a certificate of appealability is **DENIED**.[2] The appeal is **DISMISSED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

---

[2] The Government's motions to affirm the denial of a certificate of appealability and to dismiss Mr. Gaskin's appeal are granted. The Government's motion to stay the briefing requirement is moot.