**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN LYONS,

Plaintiff-Appellant,

v.

NEW MEXICO DEPARTMENT OF
CORRECTIONS; ROB PERRY,
Secretary of Corrections; DON
CAVINESS, Classification Director;
JEFF SENA, Classification Bureau
Chief; INMATES DISCIPLINARY
COMMITTEE, Western New Mexico
Correctional Facility,

Defendants-Appellees.

No. 00-2448

(D. New Mexico)

(D.C. No. CIV-00-743 BB/LCS)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for decision on the briefs without oral

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f).  The case is therefore submitted without oral argument.

John Lyons, a state prisoner in New Mexico proceeding pro se, appeals the district court's denial of his "Motion to Reconsider Order of Court," brought pursuant to Federal Rule of Civil Procedure 60(b).  We affirm.

The Federal Rules of Civil Procedure do not recognize a motion to reconsider and we construe such a motion in one of two ways.      See Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995).  If the motion is filed within ten days of the district court's entry of judgment, it is treated as a Rule 59(e) motion to alter or amend the judgment.    See id.  When, as here, it is filed more than ten days after entry of judgment, it is treated as a Rule 60(b) motion for relief from judgment.  See id.

Rule 60(b) provides, in relevant part:  "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  An appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the merits of the underlying judgment and raises for review only the district court's denial of the motion to reconsider.    See Hawkins , 63 F.3d at 546.  "We review the denial of a

motion filed pursuant to Fed. R. Civ. P. 60(b) only to determine whether the district court abused its discretion." White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990).

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990).

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.

Servants of the Paraclete v. John Does, I-XVI, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal quotation marks omitted).

In denying reconsideration, the district court examined Mr. Lyons's argument that it overlooked two of three claims in its dismissal order. The district court determined that the motion to reconsider presented no manifest errors of law and no exceptional circumstances, and we agree. We AFFIRM the district court's order.

Entered for the Court,

Robert H. Henry
Circuit Judge
