**F I L E D**

**UNITED STATES COURT OF APPEALS**

**November 30, 2005**

**TENTH CIRCUIT**

| | |
|---|---|
| ROBERT L. CHAVEZ, | |
| Petitioner-Appellant, | |
| v. | Nos. 04-1537 & 05-1055 |
| AL ESTEP, Warden; KEN SALAZAR, Attorney General of the State of Colorado, | (D.C. No. 03-D-2566) (Colorado) |
| Respondents-Appellees. | |

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Robert L. Chavez applies *pro se*[1] for a certificate of appealability (COA) to

challenge the district court's denial of his petition for a writ of habeas corpus

under 28 U.S.C. § 2254. He also appeals the district court's order denying his

motion for reconsideration and seeks to proceed *in forma pauperis* (*ifp*) in his

appeals. Exercising jurisdiction under 28 U.S.C. § 2253(c)(1), we grant his

---

[1]We liberally construe Mr. Chavez's *pro se* application. *See Hall v. Scott*,
292 F.3d 1264, 1266 (10th Cir. 2002).

motion to proceed *ifp*, deny a COA, and dismiss the appeal.[2]

Issuance of a COA is jurisdictional, *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003), and can issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id.* at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Chavez is not required to prove the merits of his case, he must demonstrate "something more than the absence of

_____

[2]Mr. Chavez's appeal was challenged because the notice of appeal was docketed as being filed on December 17, 2004, although it was due on December 16. FED. R. APP. P. 4(c)(1) indicates that a inmate's notice is timely if "it is deposited in the institution's internal mail system on or before the last day for filing." Mr. Chavez filed a statement conforming to FED. R. APP. P. 4(c)(1) that indicates the notice of appeal was given to prison authorities on December 15. *See United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir.), *cert. denied*, 125 S. Ct. 624 (2004). He also included a copy of the prison mail log showing he gave the notice to staff on December 15 and that it was mailed on December 16. Mr. Chavez has satisfied the requirements of FED. R. APP. P. 4(c)(1) and we therefore treat his notice of appeal as timely.

-2-

frivolity or the existence of mere good faith" on his part. *Id.* at 338 (internal quotations and citation omitted). In addition, because Mr. Chavez seeks to proceed *ifp* in this appeal, he must demonstrate "a financial inability to pay the required fees, and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (citation omitted).

Mr. Chavez was convicted by a jury of first degree felony murder in a joint trial with a codefendant, Arturo Anaya, and sentenced to life in prison. The Colorado Court of Appeals affirmed his conviction and the Colorado Supreme Court denied his petition for a writ of certiorari. His request for collateral review in state court was similarly denied, prompting him to petition for post-conviction relief in federal district court. In his petition, Mr. Chavez raised thirteen claims for relief, eleven of which he reiterates on appeal, including: 1) denial of the right to a fair trial due to juror misconduct; 2) insufficient evidence to establish he had knowledge his codefendant intended to commit a felony murder predicate offense; 3) ineffective trial counsel due to counsel's failure to request an in-camera hearing on juror misconduct; 4) denial of the right to a fair trial because his motion for severance was denied; 5) denial of his right to confrontation due to the admission of his co-defendant's statements; 6) denial of his due process rights

-3-

because of the suppression of exculpatory evidence; 7) denial of his constitutional rights due to the state court's refusal to consider his claim of actual innocence; 8) denial of due process because of an erroneous jury instruction on complicity; 9) cumulative error denying him a fair trial; 10) violation of his constitutional right to file a post-conviction motion based on a page limit on pleadings set by the Colorado Department of Corrections (DOCS); and 11) ineffective appellate counsel due to counsel's failure to raise certain claims on direct appeal.[3] The state conceded that all but the confrontation claim had been exhausted.

The district court dismissed Mr. Chavez's petition on all grounds. Pursuant to 28 U.S.C. § 2254(d), it determined with respect to all claims other than the confrontation claim that the state court's adjudication did not result in a decision contrary to, or involve an unreasonable application of clearly established federal law as determined by the Supreme Court. The court held it did not matter whether Mr. Chavez exhausted his confrontation claim because it determined that claim was without merit.

---

[3]In his petition to the district court, Mr. Chavez also claimed that 1) his statements to police were obtained unconstitutionally because he had invoked his right to counsel and 2) that his trial counsel was ineffective for failing to allow him to testify at his pretrial suppression hearing. As part of his sixth claim above, he argued that the prosecution committed misconduct by charging him with a crime it knew he had not committed. Mr. Chavez has not raised these issues in his COA, and we consider them abandoned or waived on appeal. *See Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004).

With respect to Mr. Chavez's confrontation claim, the court analyzed whether Mr. Chavez's rights were violated pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), by the admission of his codefendant's statements. Under *Bruton*, "[a] defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." *Richardson v. Marsh*, 481 U.S. 200, 201-02 (1987). Mr. Chavez contends the trial court erred in admitting statements made by his codefendant, Mr. Anaya, in which Mr. Anaya indicated he was with a second person at the time of the homicide. He claims the error was magnified when the prosecution told the jury in its opening statement that witnesses would testify Mr. Anaya said he and Mr. Chavez went to the victim's residence to rob him. The trial court gave a limiting instruction regarding the statements and Mr. Chavez's name was redacted from later testimony. Mr. Anaya did not testify at trial. The district court concluded that even assuming there had been a *Bruton* violation, the error was harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (constitutional error does not warrant habeas relief unless it had "substantial and injurious effect or influence in determining the jury's verdict"). The court determined that there was no indication the prosecution's

reference in the opening statement had any impact on the jury's verdict. It also emphasized that the prosecution introduced physical evidence which independently placed Mr. Chavez at the scene of the crime.

On careful review of the record, including Mr. Chavez's detailed and well-organized filings, we agree with the reasoning set forth by the district court in its thorough order denying Mr. Chavez's habeas petition. We conclude that reasonable jurists could not debate that court's resolution of the constitutional claims presented by Mr. Chavez. Therefore, we decline to grant a COA.

Mr. Chavez also appeals the district court's rejection of his motion to reconsider. Because Mr. Chavez did not file his motion within the ten-day period required by Rule 59(b), we construe his pleading as one arising under Rule 60(b). *See generally Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Under an abuse of discretion standard, *see Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005), and in light of our denial of a COA to Mr. Chavez, we hold the district court did not err in denying Mr. Chavez's motion.

On appeal, Mr. Chavez urges us to consider two additional issues. First, he asserts that his actual innocence and the violation of his constitutional rights based on the page limit imposed by the Colorado DOC "get around" any

procedural default on his *Bruton* claim. He also submits that the district court denied him due process by refusing to provide him an evidentiary hearing. Regarding his first claim, we will not exercise jurisdiction on issues not raised or addressed below. *See Walker v. Mather*, 959 F.2d 894, 896 (10th Cir. 1992). We point out, however, that the district court's power to grant an evidentiary hearing is extremely limited. *See* 28 U.S.C. § 2254(e)(2) (requiring presence of claim based on new constitutional law or factual predicate that could not have been previously discovered through the exercise of due diligence, and the existence of "facts underlying the claim . . . sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense"); *Le v. Mullin*, 311 F.3d 1002, 1012 (10th Cir. 2002). Because Mr. Chavez has neither alleged new law nor factual predicate that could meet the requirements of § 2254(e)(2), we would not in any event reverse the court's refusal to grant an evidentiary hearing.

For the aforementioned reasons, we **DENY** Mr. Chavez's request for a COA and **DISMISS** his appeals of the denial of his petition and the denial of his motion to reconsider. Because Mr. Chavez's petition included one possible allegation of constitutional error, we conclude it was not frivolous. We therefore grant his motion to proceed *ifp.*

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge