FILED
United States Court of Appeals
Tenth Circuit

April 30, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

VERNE JAY MERRELL,

      Plaintiff-Appellant,

v.

DAVID ALLRED, D.O. FCC Health
Services; PATRICIA MITCHELL,
Program Mgt Officer, Health Services;
in their individual and professional
capacities,

      Defendants-Appellees.

No. 13-1390
(D.C. No. 1:11-CV-02291-REB-MJW)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

Proceeding pro se,[1] federal inmate Verne Merrell appeals from the district

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]     Because Mr. Merrell is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

court's rejection of his free-exercise-of-religion claims.  He also seeks leave to proceed *in forma pauperis* ("IFP").  For the reasons set forth below, we **affirm** the district court's rulings in all respects and **deny** Mr. Merrell's motion to proceed IFP.

## I

In 2011, Mr. Merrell sued two federal correctional employees under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his religious rights were violated when he was forcibly tested for tuberculosis and punished for objecting to the testing.  At the Rule 12(b)(6) stage, the district court dismissed the *Bivens* claims and allowed the RLUIPA claims to proceed.  The district court later granted summary judgment to the defendants, concluding that Mr. Merrell failed to exhaust his administrative remedies.

Displeased by this turn of events, Mr. Merrell filed a timely notice of appeal.  Then he changed course, withdrew the notice of appeal, and instead sought leave to submit an amended complaint.  The district court denied the motion to file an amended complaint on the ground that an appeal was pending. Mr. Merrell sought reconsideration from the district court of its order.  In the motion to reconsider, Mr. Merrell also asked the district court to vacate its summary-judgment decision.  The district court granted the motion for

reconsideration, vacated its order denying the motion for leave to amend the complaint, and restored that motion to pending status. After taking further briefs on the matter, the district court, acting through a magistrate, denied Mr. Merrell's motion to amend, reasoning that such a motion "is not proper unless judgment has first been set aside or vacated," and this had not occurred. R. at 173 (Order on Mot. to Am., filed July 9, 2013).

Stymied on the amendment front, Mr. Merrell filed a motion for relief from the summary-judgment order pursuant to Federal Rule of Civil Procedure 60(b). The district court denied the motion on September 6, 2013 because, in the district court's view, Mr. Merrell was reiterating "arguments that were previously found unavailing." *Id.* at 196 (Order Den. Mot. for Relief from J., filed Sept. 6, 2013). Also on September 6, 2013, the district court overruled Mr. Merrell's objections to the order denying his motion to amend.[2]

Mr. Merrell filed another notice of appeal, now identifying the appealed-from decisions as the September 6, 2013 order denying his Rule 60(b) motion and the motion-to-amend order issued the same day.

## II

Mr. Merrell's opening brief is comprised entirely of explanations as to how he was prevented by the prison from exhausting his administrative remedies, and

---

[2] In the interest of economy, we will refer to this order overruling the objections as the "motion-to-amend order."

thus should not have lost at summary judgment on exhaustion. As the government points out, though, Mr. Merrell cannot appeal the summary-judgment order, for he withdrew his notice of appeal regarding that order. The only still-valid notice of appeal was filed on September 18, 2013, which was well past the deadline to appeal the summary-judgment order, dated April 4, 2013. *See* Fed. R. App. P. 4(a)(1)(B) (establishing a sixty-day deadline from entry of judgment for a litigant to appeal in a case where federal parties have been sued); *id.* § 4(a)(4)(A)(vi) (providing that when a Rule 60(b) motion is filed more than twenty-eight days after entry of judgment it has no effect on the deadline for the notice of appeal). Consequently, we have no power to review the summary-judgment order on appeal. *See Vanderwerf v. SmithKline Beecham Corp.*, 603 F.3d 842, 845 (10th Cir. 2010) (noting that the Rule 4 requirements are jurisdictional); *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) ("[A]n appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment.").[3]

---

[3] Mr. Merrell observes that the "District Court applied the more stringent requirements . . . of FRCP 60, rather than FRCP 59." Aplt. Opening Br. at 19. To the extent that Mr. Merrell is arguing that the district court should have used the Rule 59 framework, that argument is unpersuasive. Mr. Merrell explicitly indicated in his motion for reconsideration that the motion was brought "under FRCP 60." R. at 175 (Mot. for Relief from J., filed July 17, 2013). Regardless of the liberal construction he was and is entitled to as a pro se plaintiff, Mr. Merrell cannot reasonably complain about the district court using the very Rule he asked it to.

4

That leaves us with jurisdiction over two district court orders: the Rule 60(b) order and the motion-to-amend order. The notice of appeal with respect to both of these orders was timely, and both were identified in the notice of appeal. But although Mr. Merrell identified the motion-to-amend order in his notice of appeal, he does not appear to specifically contest the order's reasoning, which was that "a motion to amend is not proper unless judgment has first been set aside or vacated." R. at 173. Instead, he focuses entirely on whether the exhaustion requirement was properly invoked and that was the subject of the summary-judgment decision and of the Rule 60(b) order affirming that decision. Therefore, the only real question before us is whether Mr. Merrell justifies reversal of the Rule 60(b) order. He does not.

As the government correctly contends, Mr. Merrell's arguments on appeal are all just reiterations and elaborations of his essential contention to the district court, namely, that he was improperly prevented from exhausting his administrative remedies. Our law makes plain that merely regurgitating summary-judgment arguments does not establish "any of the exceptional circumstances warranting relief under Rule 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991).

In the considerable number of pages he has filed here,[4] Mr. Merrell has

---

[4] In addition to his opening and reply briefs, Mr. Merrell submitted on
(continued...)

5

only one response to this point. It is that his May 28, 2013 motion to reconsider the order denying him leave to file an amended complaint asked the district court to vacate its summary-judgment order. The district court, Mr. Merrell complains, neglected that request for vacatur, thus requiring him to file a Rule 60(b) motion. Mr. Merrell's factual predicate is correct: he did seek vacatur of the summary-judgment order in his May 28, 2013 motion to reconsider. However, contrary to Mr. Merrell's assumption, that fact does not add any force to his request for reversal. No matter *why* Mr. Merrell filed a Rule 60(b) motion, the fact remains that he is challenging a Rule 60(b) order, and we have no choice but to apply our precedent concerning Rule 60(b) and to reject an appeal that simply rehashes arguments made on the merits of the underlying dispositive judgment.

---

[4](...continued)
November 4, 2013 a document styled as an "affidavit in support of the above cited civil action and appeal" and on April 23, 2014 a document styled as a "supplemental affidavit in support of the above cited appeal and civil action." We have reviewed the documents and they do not alter any of our conclusions regarding the merits of the appeal.

6

**III**

For the reasons set forth above, we **affirm** the district court's appealed-from rulings in all regards and **deny** Mr. Merrell's motion to proceed IFP.  Mr. Merrell is reminded that he remains obligated to pay the full filing fee.


Entered for the Court



JEROME A. HOLMES
Circuit Judge