FILED
United States Court of Appeals
Tenth Circuit

March 16, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

WILLIAM C. ORR,

        Defendant - Appellant.

No. 15-1239
(D. Colo.)
(D.C. Nos. 1:14-CV-00428-LTB and
1:06-CR-00192-LTB-1)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MATHESON**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

In 2008, Petitioner William C. Orr was convicted of wire fraud, mail fraud, making false statements, and failure to file tax returns. The judgment of conviction was affirmed by this court. *United States v. Orr*, 692 F.3d 1079 (10th Cir. 2012). Orr filed the instant § 2255 motion on February 18, 2014, raising multiple claims of ineffective assistance of trial and appellate counsel. The district court denied relief on November 25, 2014. *United States v. Orr*, No. 14-00428, 2014 WL 6680350 (D. Colo. 2014). Judgment was entered the same day.

On March 24, 2015, Orr filed a motion for reconsideration which the district court construed as seeking relief under both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. In the motion for reconsideration, Orr asserted he was denied a fair trial because of the alleged bias of the trial court. He also challenged the partiality of the district court with respect to the disposition of his § 2255 motion. The district court addressed both claims in a comprehensive order dated May 13, 2015. The court concluded it lacked jurisdiction to consider Orr's claim that judicial bias deprived him of a fair trial because the claim was successive and Orr did not have permission from this court to file a second or successive § 2255 motion. *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (holding a district court lacks subject matter jurisdiction over a successive § 2255 motion if the petitioner has not obtained leave from the Tenth Circuit to file the motion). As to the bias claim related to the disposition of the § 2255 motion, the district court denied the claim on the merits. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (holding a "true 60(b) motion . . . challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition" (quotation and citation omitted)).

Proceeding pro se, Orr is before this court seeking a certificate of appealability ("COA") so he can appeal the dismissal of his § 2255 motion.[1]  The notice of appeal Orr filed on July 7, 2015, however, is untimely because his Rule 59(e) motion did not toll the period for him to file the notice of appeal.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 6(b) (prohibiting a district court from extending the time to file a Rule 59(e) motion ); Fed. R. App. P. 4(a)(4)(A)(iv) (extending the time to file a notice of appeal only if a party files a *timely* Rule 59 motion); Fed. R. App. P. 4(a)(4)(A)(vi) (providing that a Rule 60 motion filed more than twenty-eight days after entry of final judgment does not toll the time for filing a notice of appeal from the judgment).  Because the notice of appeal was untimely as to the underlying judgment, we lack jurisdiction to review the disposition of Orr's § 2255 motion.  *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement").  We only have jurisdiction to consider whether Orr is entitled to a COA permitting him to challenge the district court's dismissal of

---

[1]Even though Orr seeks a COA permitting him to appeal the denial of his § 2255 motion, his appellate brief and his application for a COA do not contain any substantive arguments pertaining to the district court's resolution of the ineffective assistance claims raised in his § 2255 motion.  Accordingly, he has waived any right to appellate review of the claims. *United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003).  Regardless of the waiver, however, this court lacks jurisdiction to consider the ineffective assistance claims because, as we state below, Orr's notice of appeal from the denial of his § 2255 motion was untimely.

the unauthorized successive claims raised in his motion for reconsideration and the denial of the remaining claims. *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) ("[A]n appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment."); *see also Spitznas*, 464 F.3d at 1217-18 ("If the district court correctly treated the motion . . . as a true Rule 60(b) motion and denied it, we will require the movant to obtain a certificate of appealability (COA) before proceeding with his or her appeal." (quotation omitted)).

To receive a COA, Orr must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). Where a district court dismisses claims on procedural grounds, the petitioner must also show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In evaluating whether Orr has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his

claims. *Miller-El,* 537 U.S. at 338. Although Orr need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Orr's application for a COA and appellate filings, the district court's orders, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Orr is not entitled to a COA. No reasonable jurist could disagree with the district court's conclusion that Orr's claims alleging judicial bias at trial are second or successive or that the claims alleging judicial bias in the resolution of Orr's § 2255 motion fail on the merits. Accordingly, the court's resolution of Orr's motion for consideration is not reasonably subject to debate and the issues Orr seeks to raise on appeal are not adequate to deserve further proceedings.

This court **denies** Orr's request for a COA and **dismisses** this appeal. Orr's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge